IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELVIN ZANIR NARVALLEZ,

        Petitioner,

v.                                                                                              No. 1:26-cv-00344-DHU-GJF

GEORGE DEDOS, in his official capacity as
Warden, Torrance County Detention Center;
MARY DE ANDA-YBARRA, in her official
capacity as Acting ICE Field Office Director,
U.S. Immigration and Customs Enforcement;
TODD M. LYONS, Acting Director, U.S.
Immigration and Customs Enforcement; KRISTI
NOEM, Secretary of United States Department
of Homeland Security; and PAM BONDI, Attorney
General of the United States,

        Respondents.

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Elvin Zanir Narvallez's *pro se* Petition

for Writ of Habeas Corpus ("Habeas Petition"). Doc. 1. Petitioner alleges that Respondents have

unlawfully detained him without a bond hearing, in violation of the Immigration and Nationality

Act ("INA") and the Due Process Clause of the Fifth Amendment.[1] *Id.* at 8-9. He asks this Court

to order Respondents to release him, or, in the alternative, provide him with a bond hearing

within fourteen (14) days. *Id.* at 9-10. Having considered the parties' briefs and the relevant law,

the Court **GRANTS IN PART** Petitioner Elvin Zanir Narvallez's *pro se* Petition for Writ of

---

[1] Petitioner also alleges that Respondents have unlawfully detained him in violation of the
Administrative Procedure Act ("APA") *Id.* However, because the Court grants Petitioner's
Habeas Petition on his INA and Due Process claims, the Court "decline[s] to address th[is]
remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

Habeas Corpus, and orders Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

**I.**
**BACKGROUND**

Because the parties' briefing contains limited facts, the Court provides the following limited factual background:

1.  Petitioner Elvin Zanir Narvallez is a native and citizen of Belize who entered the United States without inspection in 2023. *Id.* at 2, 7. Since his entry, Petitioner has accrued no criminal history. *Id.* at 7.

2.  Shortly thereafter, Petitioner was apprehended by Customs and Border Protection ("CBP"). *Id.*

3.  Petitioner was issued a Notice to Appear. His Notice to Appear charged him as having entered the United States without having been admitted or paroled. *Id.* at 2.

4.  At some point, Petitioner was granted release. *Id.* at 7.

5.  After being released, Petitioner established a life in the United States. He lived with his wife and two children. *Id.* at 7.

6.  Petitioner was also the victim of a crime in the United States and pursued U-Nonimmigrant Status ("U- Visa"). *Id.* at 7-8.

7.  On February 26, 2024, Petitioner's removal proceedings were terminated due to the Department of Homeland Security's ("DHS") failure to prosecute. *Id.* at 7.

8.  On July 26, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") while he was working as a landscaper in Southern California. *Id.* at 2, 7.

9.  Petitioner was eventually transported to the Torrance County Detention Center in Estancia, New Mexico, where he remains detained. *Id.* at 2.

10. Petitioner was once again issued a Notice to Appear. His Notice to Appear charged him as having entered the United States without having been admitted or paroled. *Id.* at 8.

11.  While detained, Petitioner submitted three bond redetermination requests. *Id.* at 2.

12. On August 29, 2025, October 28, 2025, and January 27, 2026, Petitioner had bond hearings before the Otero immigration Court. *Id.* at 12-17. On August 29, 2025, the Immigration Judge ("IJ") took no action. *Id.* at 14. On October 28, 2025, and January 27, 2026, the IJ denied bond finding that he lacked jurisdiction to consider bond pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.* at 12, 16.

On February 10, 2026, Petitioner filed a *pro se* Habeas Petition. Doc. 1. In his Habeas Petition, Petitioner alleges that his detention is governed by 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225, because he was detained after already having entered without being admitted or paroled. *Id.* at 8. Petitioner further argues that his detention without a bond hearing to determine whether he is a flight risk or danger violates his due process rights. *Id.* at 9. He asks this Court to, in relevant part, 1) assume jurisdiction over this matter; 2) declare that Respondents' refusal to provide him with a bond hearing violates the INA and the Due Process Clause; 3) issue a Writ of Habeas Corpus requiring Respondents to release him or provide him with a bond hearing in fourteen (14) days; and 6) order further relief as this Court deems just and proper. *Id.* at 9-10.

Also, on February 10, 2026, this Court issued an Order to Show Cause, requiring Respondents to respond to the Habeas Petition within ten (10) business days. Doc. 5.

On February 23, 2026, Respondents filed their response to the Habeas Petition. Doc. 7. In their response, Respondents acknowledge that Petitioner is subject to the detention provisions of § 1225 or § 1226. *Id.* at 1-2. Relying on the BIA's decision in *Matter of Yajure Hurtado*, Respondents' position is that Petitioner is subject to mandatory detention under § 1225(b) because

he was present in the United States without being admitted or paroled. *Id.* at 2. However, Respondents also acknowledge that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026). *Id.* Respondents also concede that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.* Respondents further concede that that the legal issues in this case are similar to the issues addressed by this Court in *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS, 2026 WL 127621 (D.N.M. Jan. 16, 2026). *Id.* at 2 n. 1.

On March 20, 2026, Petitioner submitted a reply. Doc. 8.[2] In his reply, Petitioner reiterates his argument that his detention is governed by § 1226(a) and that he is, therefore, entitled to at least a bond hearing. *Id.* at 2.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that he is being detained without a bond hearing in violation of the INA and the Due Process Clause.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's

---

[2] Petitioner acknowledges that his reply was untimely. *Id.* at 2. He also states that his untimeliness was not intentional, but instead because he did not receive Respondents' response until the week prior. *Id.* Because of the circumstances noted, the Court will consider Petitioner's reply on the merits.

protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

### III.
### DISCUSSION

This case is not the first of its kind in this Court. In fact, as Respondents acknowledge, the Court has already considered the statutory and constitutional issues raised by Petitioner. *See Requejo Roman*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *see also Velasquez Salazar v. Dedos*, 806 F.Supp.3d 1231 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 -DHU-KK (D.N.M. Feb.3, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293-DHU-SCY (D.N.M. Feb. 5, 2026); *Chen v. Unknown Warden*, No. 1:26-cv-00125-DHU-JFR (D.N.M. Feb. 19, 2026); *Castellanos Haro v. Noem*, No. 2:26-cv-00175-DHU-LF (D.N.M. Feb. 26, 2026). The facts here are not materially different than those the Court analyzed in previous cases. Accordingly, the Court's conclusion is the same.

Following this Court's decisions in *Requejo Roman* and others, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under § 1226 and are entitled to a bond hearing.[3] Petitioner, who entered the United States approximately three years ago, is properly detained pursuant to § 1226 and, therefore, entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived Petitioner of his due process rights. To

---

[3] The Court acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have analyzed this issue and reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals, however, has not yet addressed the issue.

ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, --F. Supp. 3d --, 2026 WL 125681.

## IV.
## CONCLUSION

For the reasons stated above, and articulated in greater detail in *Requejo Roman*, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Thursday, May 7, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Hurtado*.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Thursday, May 7, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

6