## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ELVIN ZANIR NARVALLEZ,

     Petitioner,

v.                               No. 1:26-cv-00344-DHU-GJF

GEORGE DEDOS, in his official capacity as
Warden, Torrance County Detention Center;
MARY DE ANDA-YBARRA, in her official
capacity as Acting ICE Field Office Director,
U.S. Immigration and Customs Enforcement;
TODD M. LYONS, Acting Director, U.S.
Immigration and Customs Enforcement; KRISTI
NOEM, Secretary of United States Department
of Homeland Security; and PAM BONDI, Attorney
General of the United States,

     Respondents.

### <u>ORDER REQUIRING THE IMMEDIATE RELEASE OF PETITIONER</u>

THIS MATTER is before the Court on Petitioner's Motion to Enforce the Court's Order of April 30, 2026. Doc.16. After reviewing the Motion, the Order of the Immigration Judge issued after the bond hearing was conducted, the Digital Audio Recording of the bond hearing, and the relevant law, the Court GRANTS Petitioner's Motion and orders his immediate release from custody.

On April 30, 2026, the Court issued an Order Granting In Part Petitioner's Habeas Petition ("Order"). Doc. 9. In its Order, the Court addressed Petitioner's argument that his detention is governed by 8 U.S.C. § 1226, and not 8 U.S.C. § 1225. *See id.* at 5-6. In doing so, the Court found that Petitioner "is properly detained pursuant to § 1226 and, therefore, entitled to a bond hearing." *Id.* at 5. The Court further found that Petitioner's misclassification under § 1225 and "resultant denial of a bond hearing" violated his due process rights. *Id.* The Court, therefore, ordered

1

"Respondents [to] provide Petitioner with an individualized bond hearing before a neutral [Immigration Judge] within seven (7) days." *Id.* at 6. The Court further ordered that, in order to address the constitutional due process issues raised by the Petitioner's re-detention, the Government was to bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. *Id.* The Court also made clear that, at the bond hearing, the assigned Immigration Judge was "not to deny bond based on a lack of jurisdiction under the Board of Immigration Appeal's ("BIA") decision in *Matter of [Yajure] Hurtado*," 29 I&N Dec. 216 (BIA 2025), as doing so would result in Petitioner once again being misclassified as subject to § 1225. *Id.*

On May 5, 2026, Respondents provided Petitioner with a bond hearing before an Immigration Judge. Doc. 12-1 at 1. At the bond hearing, it appears that the assigned Immigration Judge complied with this Court's order to shift the burden to the Government to prove, by clear and convincing evidence, that Petitioner posed a flight risk or danger to the community. *Id.* It also appears that the Immigration Judge agreed with the Government that Petitioner posed a flight risk.[1]

---

[1] The Court notes that, while it ordered the assigned Immigration Judge to shift the burden to the Government, it did not require the Government to produce a specific type of quantity of evidence, nor did it dictate how the Immigration Judge was to decide the factors that may be considered in determining whether bond is appropriate. Such factors "include any or all of the following: (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they entitle the [noncitizen] to resident permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record ...; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry into the United States." *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (citations omitted). To the extent that Petitioner challenges the Government's evidence or the Immigration Judge's consideration of the factors, that challenge must be made to the Board of Immigration Appeals ("BIA").

*Id.* The Immigration Judge, however, out of compliance with the Court's order to not deny bond based on *Matter of Yajure Hurtado*, found that "*Hurtado* applies." *Id.* He denied bond. *Id.*

Like every other United States District Judge and United States Magistrate Judge in the District of New Mexico who has addressed the issue, this Court has rejected the BIA's interpretation of 8 U.S.C. §§ 1225 and 1226 found in *Hurtado*, finding that administrative decision unpersuasive and/or incorrect as a matter of law.[2]  Nevertheless, it appears that the Immigration

---

[2] *See Requejo Roman v. Castro*, 816 F.Supp.3d 1267, 1277 (D.N.M. 2026) (Urias, J.); *Cortez-Gonzalez v. Noem*, 811 F.Supp.3d 1287, 1298 (D.N.M. 2025) (Garcia, J.) (determining that the Court is not bound by the BIA's interpretation in *Hurtado* "particularly when the result lacks sound legal foundation" and, therefore, declining to follow it); *Camac-Huanca v. Noem*, No. 2:25-cv-01253-KWR-JFR, 2026 WL 357651, at *5 (D.N.M. Feb. 9, 2026) (Riggs, J.) ("*Hurtado* is not binding on this [C]ourt, and the [BIA's] interpretation carries only the 'power to persuade' . . . the Court does not find *Hurtado* persuasive."); *Gutierrez v. Garcia*, 2:25-cv-001145-WJ-KRS, 2026 WL 310064, at *2 (D.N.M. Feb. 5, 2026) (Johnson, J.) (finding that the Executive Branch's recent interpretation of 8 U.S.C. § 1225(b)(2) in *Hurtado* "is incorrect as a matter of law"); *Lopez-Romero v. Lyons*, No. 2:25-cv-01113-MIS-JHR, 2026 WL 92873, at *5 n. 2 (D.N.M. Jan. 13, 2026) (Strickland, J.) ("Although Respondents do not cite *Matter of Yajure Hurtado* in support of their position, the Court finds that the BIA's decision in *Hurtado* is unpersuasive, contrary to law, and entitled to no deference." (internal citations omitted)); *Rodriguez-Novoa v. Lyons*, No. 1:25-cv-01073-SMD-GBW, 2025 WL 4592301, at *4 (D.N.M. Dec. 23, 2025) (Davenport, J.) (stating that *Yajure Hurtado* "is not binding on this Court and is entitled to little deference" before holding that the petitioner is entitled to a bond hearing); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025) (Gonzales, C.J.) (noting that *Hurtado* is a nonbinding agency decision, that most district courts have rejected *Hurtado* as inconsistent with the INA's text, and, therefore, declining to follow it); *Liu v. Bondi*, No. 1:26-cv-00143-JB-GJF, 2026 WL 878280, at *2 n. 4 (D.N.M. Mar. 31, 2026) (Fouratt, Mag. J.) ("*Yajure Hurtado* is not binding on this Court."); *Igarza v. Warden*, No. 2:26-cv-00536-JB-SCY, 2026 WL 735255, at *3 (D.N.M. Mar. 16, 2026) (Yarbrough, Mag. J.) ("The Court disagrees with the Federal Respondents' position that every applicant for admission is seeking admission and therefore subject to the scope of § 1225(b)(2). This argument improperly equates the term 'applicant for admission' and 'alien seeking admission' in § 1225(b)(2)(A)."); *Castillo v. De Andra-Ybarra*, No.2:25-cv-01074-JB-JFR, 2026 WL 413407, at *15 (D.N.M. Feb. 13, 2026) (Robbenhaar, Mag. J.) (rejecting *Hurtado* and finding that applying § 1225(b)(2) to all applicants for admission would render other sections of the INA superfluous); *Intriago-Sedgwick v. Noem*, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155, at *7 (D.N.M. Dec. 19, 2025) (Fashing, Mag. J.) ("Courts in this district have joined courts across the country in rejecting *Yajure Hurtado* and finding that § 1226(a) governs the detention of noncitizens apprehended after residing in the United States.").

Judge who conducted Petitioner's Court-ordered bond hearing is under the false impression that *Hurtado* may still be the law in this federal district. It is not, and it will not be, unless and until the Tenth Circuit Court of Appeals determines otherwise. It does not matter whether the Immigration Judge disagrees with all the federal judges in this district who have uniformly determined that the BIA's interpretation of 8 U.S.C. §§ 1225 and 1226 in *Hurtado* is wrong. Immigration Judges are administrative judges within the Executive Office for Immigration Review of the Department of Justice.[3] Although they perform important work in the federal government's enforcement of immigration laws and have statutory authority to conduct immigration proceedings, they are not part of the federal judiciary. It is the function of the federal judiciary, not an agency of the executive branch or an administrative judge of that agency, to "say what the law is" and to apply that law to the cases and controversies before it. *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803); *see also* U.S. CONST. art. III. "[W]hen the meaning of a statute [is] at issue, the judicial role [is] to interpret the act of Congress, in order to ascertain the rights of the parties." *Loper Bright Enters v. Raimondo*, 603 U.S. 369, 385, 144 S.Ct. 2244, (2024) (internal quotations marks and citation omitted); *see also Rangel-Fuentes v. Bondi*, 155 F.4th 1138, 1143 (10th Cir. 2025). "The views of the Executive Branch [can] inform the judgment of the Judiciary, but [do] not supersede it." *Loper Bright*, 603 U.S. at 386. Thus, while it may be true that, ordinarily, a decision from the BIA would be binding on an Immigration Judge, such is not the case where a federal district court has ordered otherwise to remedy a constitutional violation.

Given the Immigration Judge's failure to comply with this Court's order to not deny bond based on *Matter of Yajure Hurtado*, the Court is no longer confident that further orders meant to

---

[3] An immigration judge is an attorney who is appointed as an administrative judge within the Executive Office for Immigration Review of the Department of Justice to conduct specified classes of proceedings under the Immigration and Nationality Act. *See* 8 C.F.R. §§ 1003.9, 1003.10.

redress constitutional and concerns will be followed by the Immigration Judge. Accordingly, as federal district courts have the power and authority to dispose of habeas corpus matters "as law and justice require," 28 U.S.C. § 2243, the Court determines that the only remedy left to ensure that Petitioner's constitutional rights are preserved and protected is his immediate release, *Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release.") (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 536, 124 S.Ct. 2633 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827 (1973)).

**IT IS THEREFORE ORDERED** that Respondents release Petitioner Elvin Zanir Narvallez within **twenty-four (24) hours** of this Order. Respondents may impose conditions of release on him.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Monday, June 29, 2026, confirming Petitioner's timely release.

Finally, as Petitioner correctly notes in his Motion to Enforce, this is not the first time that the assigned Immigration Judge has failed to comply with this Court's directive to not deny bond based on *Matter of Yajure Hurtado* at a Court-ordered bond hearing. *See* Doc. 16 at 1 (citing *Kumar v. Carnes*, No. 2:26-cv-01391-DHU-KRS, 2026 WL 1686070 (D.N.M. June 10, 2026)). The Court recognizes that the bond hearing in this case occurred prior to the bond hearing in *Kumar* and that the assigned Immigration Judge, therefore, had not yet been provided with this Court's Order Requiring the Immediate Release of Petitioner in that case. However, given that this is the second time that such an Order is being entered, any subsequent failures by the assigned Immigration Judge to comply with this Court's orders may result in an order requiring him to

5

appear before this Court to show cause why he should not be held in contempt for continuing to violate the Court's orders.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE